IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION - DAYTON

| | |
|---|---|
| REINER WALKER<br>1677 Big Bear Drive<br>Centerville, Ohio  45458<br><br>                               Plaintiff,<br><br>vs.<br><br>BED BATH & BEYOND INC.<br>C/O Corporation Service Company<br>50 West Broad Street, Suite 1330<br>Columbus, Ohio  43215<br><br>and<br><br>JANE/JOHN DOE(S) AND<br>XYZ CORPORATION<br>Address Unknown<br><br>and<br><br>OHIO DEPARTMENT OF MEDICAID<br>c/o Joseph McCandlish, Esq.<br>150 E. Gay Street, 21st Floor<br>Columbus, Ohio  43215<br><br>                               Defendants. | CASE NO.  3:21-CV-00040<br><br>(REMOVED FROM COMMON PLEAS COURT OF MONTGOMERY COUNTY, OHIO, CASE NO. 2020 CV 04983)<br><br>JUDGE<br><br><br>**NOTICE OF REMOVAL BY DEFENDANT BED BATH & BEYOND INC.** |

      Defendant Bed Bath & Beyond Inc. (hereinafter referred to as "BBBY"), by and through its undersigned counsel, and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby gives notice of the removal of the above-referenced matter from the Common Pleas Court of Montgomery County, Ohio, in which it is now pending, to the United States District Court for the Southern District of Ohio, Western Division.

1. This is a personal injury action that was filed in the Common Pleas Court of Montgomery County, Ohio on December 29, 2020, bearing Case No. 2020 CV 04983.

2. BBBY was served with the Summons and Complaint on January 5, 2021.

3. Defendant Ohio Department of Medicaid ("Medicaid") has been served with the Complaint. On January 27, 2021, Medicaid filed its Answer to Plaintiff's Complaint and a Cross-Claim against BBBY.

4. Plaintiff Reiner Walker is an Ohio citizen who resides in Centerville, Ohio.

5. At the time of the occurrence and at all relevant times, BBBY was and is a New York corporation with its principal place of business in New Jersey. BBBY is therefore a citizen of the states of New York and New Jersey

6. In the Complaint, Plaintiff alleges that, "pursuant to the health insurance held with Plaintiff, Reiner Walker, Defendant Ohio Department of Medicaid will pay, should pay, did pay, or may have paid some of the Plaintiff's medical bills from the instant accident." (Paragraph 18). Plaintiff further alleges that Medicaid "is or may be subrogated to a portion of Plaintiff, Reiner Walker's claims against Defendant, Bed Bath & Beyond Inc. and should be required to assert its interests or otherwise be forever barred from doing so as to any party hereto." (Paragraph 19).

7. On January 27, 2021, Medicaid filed a Cross-Claim against BBBY seeking recovery of amounts it had paid on behalf of Plaintiff Reiner Walker for medical services and care as a result of the accident alleged in Plaintiff's Complaint. Medicaid is therefore a party-plaintiff for purposes of Federal Court jurisdiction.

8. Medicaid is, in reality, and for purposes of removal, a party plaintiff or involuntary plaintiff under Civ. R. 19(A). As a result, Medicaid should be realigned as an intervening plaintiff and not a defendant. *See Roman v. Barlow*, No.2:12-cv-00747, 2012 WL 6594961, at *3 (S.D.

Ohio Dec. 18, 2012) ("The Court concludes that Anthem must be realigned as a plaintiff in this case" since "Anthem has a subrogation interest relating to the medical bills it paid as a result of injuries sustained in the subject collision").

9. Consent to removal is not required from Medicaid because its interests align with that of Plaintiff. *Roman v. Barlow*, No. 2:12–cv–00747, 2012 WL 6594961, at *4 (S.D. Ohio Dec. 18, 2012); *Kucher v. Exceeding Expectation, Inc.*, No. 1:12–cv–169, 2012 WL 3308892, at *2 (N.D.N.Y. Aug.13, 2012); *Nationwide Mut. Ins. Co. v. 1400 Hampton Blvd, LLC*, Nos 2:10–cv–310, 2:10–cv–343, 2010 WL 5476748, at *3 (E.D.Va. Dec.2, 2010).

10. Plaintiff Reiner Walker alleges that, as a direct and proximate result of the subject incident, he suffered damages and injuries including but not limited to "trauma induced carpal tunnel syndrome; left shoulder, wrist and hand strain; numbness; anxiety; depression . . . pain and suffering, both physical and emotional; the loss of limitation of the ability to perform basic functions, and the injuries will continue to cause pain and suffering in the future and disruption to [his] overall life . . . reasonable and necessary medical expenses in an amount in excess of $18,224.66, as well as further reasonable and necessary medical expenses which may be incurred in the future . . . lost wages. (Paragraph 12 of the Complaint).

11. Pursuant to 28 U.S.C. §§ 1441(b) and (c) and 28 U.S.C. § 1332 (a), this lawsuit may be removed from the Common Pleas Court of Montgomery County, Ohio to the United States District Court For The Southern District Of Ohio.

12. Defendant attaches hereto a copy of all process, pleadings and orders on file in said state proceeding and a copy of the Notice of Filing Notice of Removal which Defendant will serve upon Plaintiff promptly after the filing of this Notice of Removal, pursuant to 28 U.S.C. § 1446(a). See Exhibit A.

13. Defendant will file a copy of the Notice of Removal with the Clerk of Common Pleas Court of Montgomery County, Ohio immediately after filing hereof.

14. No further proceedings have commenced in this action in the Montgomery County Court of Common Pleas.

Respectfully submitted,

/s/ Christopher E. Cotter
Christopher E. Cotter (84021)
ccotter@ralaw.com
Roetzel & Andress, LPA
222 South Main Street
Akron, OH 44308
Main: 330.376.2700
Direct: 330.849.6756
Facsimile: 330.376.4577

Phillip M. Sarnowski (96788)
psarnowski@ralaw.com
Roetzel & Andress, LPA
41 South High Street
Huntington Center, 21st Floor
Columbus, OH 43215
Main: 614.463.9770
Facsimile: 614.463.9792

ATTORNEYS FOR DEFENDANT
BED BATH & BEYOND INC.

**PROOF OF SERVICE**

      I hereby certify that on this 2nd day of February, 2021, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. Further, the undersigned hereby certifies that the foregoing was served via email pursuant to Civ.R. 5(B)(2)(f) to the following:

| | |
|---|---|
| Michael L. Wright<br>Robert L. Gresham<br>Kesha Q. Brooks<br>130 W. Second Street, Suite 1600<br>Dayton, Ohio 45402<br>Phone: 937.222.7477<br>Fax: 937.222.7911<br>mwright@yourohiolegalhelp.com<br>rgresham@yourohiolegalhelp.com<br>kbrooks@yourohiolegalhelp.com<br><br>ATTORNEYS FOR PLAINTIFF<br>REINER WALKER | Joseph McCandlish<br>Assistant Attorney General<br>Collections Enforcement<br>150 E. Gay Street, 21st Floor<br>Columbus, Ohio 43215<br>514.466.8270<br>614.752.9070/fax<br>Joseph.McCandlish@ohioattorneygeneral.gov<br><br>ATTORNEY FOR DEFENDANT<br>OHIO DEPARTMENT OF MEDICAID |

                                                                 */s/ Christopher E. Cotter*
                                                          One of the Attorneys for Defendant

16200764 _1 116291.0003